(89 South. 95)

### REYNOLDS v. IVEY.   (4 Div. 685.)

(Court of Appeals of Alabama.   April 12, 1921.)

Agriculture ☞13—Furnishing supplies to crop producer gives no right to crops superior to execution.

Those who furnished money and supplies to a tenant on the land of another did not thereby acquire any title to the crops produced by the tenant or any lien thereon which entitles them to claim the crops as against execution on a judgment against the tenant.

Appeal from Circuit Court, Bullock County; J. S. Williams, Judge.

J. L. Reynolds had execution on judgment against Mack Ivey levied upon certain property, whereupon Ed Ivey filed claim, and from a judgment for claimant, plaintiff in execution appeals. Reversed and remanded.

Norman & Rainer, of Union Springs, for appellant.

The claimant disclosed no lien or other titles to the property. Section 6039, Code 1907; 107 Ala. 396, 18 South. 29; 181 Ala. 250, 61 South. 274; 79 Ala. 117, 58 Am. Rep. 580; 11 Ala. App. 360, 66 South. 832.

T. S. Frazer, of Union Springs, for appellee.

No brief came to the Reporter.

SAMFORD, J.   At the November term, 1919, plaintiff obtained a judgment against Mack Ivey, defendant in execution, for $440.-88. Execution was regularly issued and levy was made on one mule and certain produce raised by defendant, Mack Ivey, on a farm cultivated by him and his family during the year 1919. Claim was interposed to the property by Ed Ivey, son of defendant in execution; the basis of his claim being that in the fall of 1918 he had turned over certain farm produce to claimant's mother, consisting of corn, peanuts, sugar cane, and velvet beans, and during 1919 at different times he had sent to his mother various amounts of money,

aggregating about $90, and this produce and money was used by the defendant and his family while making the crop of 1919.

The land was rented by defendant in execution and tended by him and his family. The property was in the possession of Mack Ivey when levied on by the sheriff under the execution. This state of facts does not constitute a lien in favor of the claimant, nor is the title to the property in him. Defendant, under his statement, may owe his son for the value of the produce consumed by the family, and he may owe his wife for so much of the money as was used by him; but the title to the crops is in the defendant in execution, and, being so, is subject to the plaintiff's execution.

The rulings of the trial court on the evidence and in his oral charge proceeded on a different theory and were error. It is, we think, unnecessary to pass upon the separate assignments of error. The judgment must be reversed, and the cause is remanded.

Reversed and remanded.